James Williams, alias James Joseph, v. The State.

. 1481.    Decided January 3, 1912.

**Burglary—Evidence—Recent Possession—Sufficiency of the Evidence.**

See opinion for evidence held sufficient to connect the defendant with the burglary and to sustain the conviction. Davidson, Presiding Judge, dissenting.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of burglary; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*T. C. Turnley* and *O. S. York,* for the appellant.—On question of the insufficiency of evidence: Pilkinton v. State, 19 Texas, 214; Hoddie v. State, 8 Texas Crim. App., 382.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a burglary conviction. The evidence shows that the house of the alleged owner was broken at night and entered through a window. A pane of glass was broken out of the window and the entry thus made. Several things were

missing from the house. Some of them were found in a barber shop nearby in which appellant worked as an employe. The State witness, a policeman, testified that he arrested defendant, and through information received from him found some of the stolen property in the barber shop. This is, in substance, the State's case.

The policeman did not state what the defendant said to him, but in a general way and as a conclusion of what appellant said he stated through information received from appellant that he found some of the missing property in the barber shop. Appellant did not have control of the barber shop, but was an employe. The evidence does not show that appellant admitted going into the house and taking the property. The policeman testified, in this connection, that he received the information from appellant and McNeil; further testifying that "he (defendant) told me where they had hid it in the barber shop and I went to the barber shop where he told me on an old shelf on the back end and I got a whole lot of stuff in an ice cooler that had not been used, and in the front part of the barber shop under a chair I got some of the money. This boy (defendant) told me where that money was. As the result of my investigation with this boy I found the property." This is the State's case on the facts, so far as connecting the appellant. Another witness testified practically as did this witness, and he was an associated policeman. This evidence certainly does show that appellant knew where the stolen property was hidden, and admitted that he assisted in secreting the property, but he does not admit that he entered the house and took the property. The majority are of opinion that this testimony is sufficiently connected up to show that appellant entered the house and took the property. I do not think so. He was never found in possession of any of the property, but the strongest light in which it can be placed was that he assisted in hiding the property. This he could have done as well by receiving it from McNeil or some other person as entering the house himself.

The judgment is affirmed.

*Affirmed.*